# Roderick J. Dolan, Appellant, *v.* Board of Finance and Revenue of the Commonwealth of Pennsylvania, Appellee.

Argued February 5, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, MENCER, ROGERS and BLATT. Judge WILKINSON, JR. did not participate.

*Roderick J. Dolan,* appellant, for himself.

*Robert E. Rains,* Deputy Attorney General, with him *Gerald Gornish,* Deputy Attorney General, and *Robert A. Kane,* Attorney General, for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, March 7, 1975:

Eligibility of appellant for rent refunds for the years 1972 and 1973 under the provisions of the Senior Citizens Property Tax Assistance Act, Act of March 11, 1971, P. L. 104, *as amended,* 72 P. S. §4751-1 et seq., in a greater amount than determined by the Department of Revenue to be allowable is the issue raised in this tax appeal which appellant brought and argued pro se.

The appeal is before us de novo on a stipulation of facts which we adopt and incorporate herein by reference. They disclose that appellant, incident to making a claim for rent assistance for the years in question, executed claim forms which contained written instructions to the effect that claimant-appellant "should," in reporting his income (the amount of which controls the ultimate amount of rent assistance to be afforded), include all types of pensions and annuities. Appellant receives veterans' pension and disability benefits from the Federal Government and was advised, upon inquiry by him, that these payments must be included within the portion of the claim form disclosing income. He included such payments but did so under protest. If his veterans' pension and disability payments had been excluded from his income, he would have been entitled to an additional $55.12 rent assistance refund.

Appellant then sought to file amended claim forms that exclude these items from his income, thereby entitling him to the additional $55.12. Both the Redetermination Board of the Property Tax Assistance Bureau and the Board of Finance and Revenue upheld the Property Tax Assistance Bureau's refusal to accept these amended forms. Having exhausted his administrative remedies, appellant has appealed to this Court.

Section 3(1) of the Act, 72 P. S. §4751-3, defines "income" for the purposes of the Act and the determination of eligibility for and the amount of rent refund allowable, to mean:

"[A]ll income from whatever source derived, including but not limited to salaries, wages, bonuses, commissions, income from self-employment, alimony, support money, cash public assistance and relief, the gross amount of any pensions or annuities including railroad retirement benefits, all benefits received under the Federal Social Security Act (except Medicare benefits), all benefits received under State un-

employment insurance laws and veterans' disability payments, all interest received from the Federal or any State government, or any instrumentality or political subdivision thereof, realized capital gains, rentals, workmen's compensation and the gross amount of loss of time insurance benefits, life insurance benefits and proceeds (except the first five thousand dollars ($5,000) of the total of death benefit payments), and gifts of cash or property (other than transfers by gift between members of a household) in excess of a total value of three hundred dollars ($300), but shall not include surplus food or other relief in kind supplied by a governmental agency or property tax assistance." (Footnote omitted.)

Regulations 100.1 and 100.2 of the Department's regulations adopted incident to the administration of the Act provide in pertinent part:

"100.1 For the purpose of the . . . Act, the term 'income' means income from whatever source derived, including . . .

Veterans disability payments . . .

"100.2 Income does not include:

. . .

(e) The amount of any damages received, whether by suit or agreement, on account of personal injuries or sickness. 'Damages received' means an amount received (other than workmen's compensation) through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution."

Notwithstanding this comprehensive statutory definition of income which specifically includes veterans' benefit payments within its meaning, appellant seems to assert, if we understand his contentions, that (1) the use of the word "should" in the instructions on the claim

form affords him the option to *not* include such benefits in disclosing his income, and (2) that his veterans' benefit payments are the product of a tort or tort type settlement agreement with the Federal Government and hence excludable from income by reason of Regulation 100.2.

Whether appellant's contentions are properly characterized as ingenious or naive, they are, nevertheless, without merit. We need not dissertate upon the meaning to be ascribed to the word "should" as used in various contexts. Suffice it to say that the written instructions contained in the claim form here in question cannot be construed to afford an option to a claimant which would result in the exclusion of certain types of income which the statute mandates to be included in determining eligibility for property tax or rent assistance, thereby defeating the expressed legislative intent as to qualification for such assistance.

"A really satisfactory definition of a tort has yet to be found." Prosser, The Law of Torts, (4th ed. at page 1). This being so, "tort type rights" (Regulation 100.2) lends itself to an even more remote possibility of a satisfactory definition. However, we need not pursue such an elusive goal here. Whatever Regulation 100.2 may be abstractly said to mean as to tort and tort type rights, it should not be construed to exclude veterans' benefit payments explicitly included within the meaning of "income" by the controlling statute. An interpretative regulation promulgated by an administrative agency should be construed to track the meaning of the statute it interprets, which meaning is essentially a question of law for the courts. *Uniontown Area School District v. Pennsylvania Human Relations Commission,* 455 Pa. 52, 313 A.2d 156 (1973).

The Department of Revenue in processing appellant's claim for rent assistance, in determining his eligibility therefor, and the amount of such assistance acted con-

sistent with the controlling statute and regulations promulgated thereunder, which action was properly affirmed by the Board of Finance and Revenue.

Accordingly, we enter the following

## ORDER

Now, March 7, 1975, the order of the Board of Finance and Revenue is hereby affirmed and the appeal is dismissed.