Irene Berkovich, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued October 6, 1982, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*John Stember,* with him *Jack Driscoll,* for petitioner.

*Jean E. Graybill,* Assistant Counsel, for respondent.

OPINION BY JUDGE CRAIG, November 23, 1982:

Irene Berkovich (recipient) appeals a decision of the Department of Public Welfare (DPW) which, in reversing its hearing examiner, held that regular $100 monthly payments made by the recipient's ex-common-law husband, directly to the recipient's landlord, must be considered outside income in computing the recipient's general assistance payments.

Presently, the recipient receives $172 a month as general assistance. By formal agreement, her ex-common-law husband agreed to pay the recipient $5,000 in consideration of her agreement to relinquish any claims she may have arising from their relationship. The husband, however, could secure only $1,500 immediately, and thus offered to liquidate the balance by paying $100 in each of the succeeding thirty-five months to the recipient's landlord, in order to reduce the recipient's rent obligation.

The issue before us is whether the DPW can categorize the monthly payments of $100 as income, and thus reduce the recipient's monthly assistance payment to $72.

Section 432.12 of the Public Welfare Code,[1] provides, in relevant part:

(a) . . . In determining need for general assistance, [DPW] shall take into consideration all income, excluding that amount equal to the expenses reasonably attributable to the earning of income up to twenty-five dollars ($25) per month. . . .

Section 432.12(b) provides:

(b) Income as used in subsection (a) includes benefits in cash or in kind (other than the rental value of living accommodations), as

---

[1] Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. §432.12.

defined by the department in accordance with Federal law and regulations.

DPW has defined various terms relating to general assistance in its regulations; in 55 Pa. Code §183.22,[2] one of the definitions describes "Income" as follows:

Money which a client receives, including [Legally Responsible Relative] contributions, as follows:

(i) Any payment made for the client to meet all or part of the charge for the client's living in an institution. This will not include any payment under Medicare. The value of nursing home care under Medicare will be considered a resource in goods.

(ii) Any money which is available to the client except as provided in §183.44 and §183.64 (relating to procedures) from certain persons living with the client, such as a parent.

(iii) Income-in-kind received by the client in return for services rendered.

(iv) Lump Sum Payments as provided in §183.44(b) (relating to procedures).

(a) A lump sum payment is a nonrecurring cash payment. Regulations regarding lump sum payments do not apply to any items, as provided in Chapter 257 (relating to reimbursement) for which an acknowledgment of liability is signed, unless the amount required to be reimbursed is less than the lump sum payment. In such cases, the excess remaining would be treated in accord with §183.44(b)(1) (relating to procedures).

---

[2] Section 183.22 and related sections were recently amended, effective September 25, 1982. 12 Pa. B. 3410-3420 (1982). These amendments were neither briefed nor mentioned at oral arguments. However, these amendments do not alter our interpretation of what constitutes "income" for general assistance calculations.

138

(v)    Money which is subject to reimbursement and money obtained by borrowing is not considered income.

The recipient contends that her ex-husband's monthly rental payments are not income, asserting that none of the five items in this definition apply to the payments. The recipient further asserts that, because, in that definition, income is "money which a client receives," the monthly payments ·sent by her ex-husband directly to her landlord cannot be considered money which the recipient "receives."

In construing that definition of income, we must consider the six other income definitions in the same Section 183.22 which define forms of income or benefits which themselves would not be contained within the Section 183.22 "Income" definition. Among them, nonearned income is defined as:

*All other income received by the client for which the client does not render a service; such as:* RSDI, VA Benefits, Unemployment Compensation, *support payments* including assigned support, income available from an [sic] [Legally Responsible Relative] and deemed available from a stepparent, income deemed available to an alien from his sponsor, dividends, interest, other pensions, compensations, benefits, and the like. (Emphasis supplied.)

Thus, the monthly rental payments at least fit within the definition of nonearned income in Section 183.22.

55 Pa. Code §183.63(b) indicates that the concept of income applicable to general assistance determinations is not limited to the Section 183.22 definition of income. It provides:

(b)    *Income that affects the GA grant.*

All other income not exempted as defined in subsection (a) of this section will affect the

grant. For purposes of considering the income and its effect on the grant, income will be considered to be recurring or nonrecurring and earned or nonearned.[3]

Therefore, we construe Section 183.63(b) as providing that income shall include not only the Section 183.22 definition of income (stated without modifier), but also those payments or benefits which fall within the Section 183.22 definition of nonearned income. In so doing, we note that Section 183.22, in defining the various terms, provides that each term shall have the given meaning, "unless the context clearly indicates otherwise."

This interpretation fits closely with the broader statutory definition that income "includes benefits in cash or in kind (other than the rental value of living accommodations). . . ." found in Section 432.12(b).[4]

[3] In construing these somewhat ambiguous provisions we have been mindful that, wherever possible, regulations should be interpreted as consistent with their purpose and the purpose of the underlying statute, rather than in conflict with their purpose. *Dolan v. Board of Finance and Revenue*, 17 Pa. Commonwealth Ct. 599, 333 A.2d 219 (1975). We have interpreted these general assistance provisions in a manner that leaves the regulations consistent with Section 432.12(b).

[4] An examination of 55 Pa. Code §183.63(a) supports this interpretation. That section provides:

(a) *Income that does not affect the GA grant.* The following income will be exempted in determining need for GA and will have no affect on the grant:

(1) Earnings of a child under 14 years of age.

(2) Money received under provisions of the Senior Citizens Property Tax Assistance Act.

(3) Retroactive assistance payments authorized to correct underpayments to current recipients will not be considered as income nor a resource in the month paid nor in the next following month.

(4) Maintenance subsidies received under the Adoption Opportunities Act.

Likewise, an examination of 55 Pa. Code §183.63 (a), in establishing which forms of income are exempt from general assistance determinations, does not distinguish between money received directly by the client and benefits that are constructively received.[5] Thus,

(5) The value of free stamps received by a participant in the Food Stamp Program.

(6) Money received as a relocation adjustment payment paid under the National Housing Act of 1949.

(7) Money a client receives in the form of emergency or disaster aid from a public or private agency.

(8) Loans, grants, and scholarships, obtained and used for tuition, books, and fees.

(9) A Veteran's Bonus payment of $500 or less.

(10) Money received from providing foster home care for a child placed by an approved child placement agency.

(11) Any benefits received under Title VII, Nutrition Program for the Elderly, of the Older Americans Act of 1975.

(12) The value of supplemental food assistance received under the Child Nutrition Act of 1966 . . . and the special food services program for children under the National School Lunch Act.

(13) Payments to volunteers under the Domestic Volunteer Service Act of 1973. . . . (Citations omitted (a)(1)- (a)(13).)

Three of the thirteen categories of income exempted in Section 183.63(a) could not be considered "money received by the recipient" or "income-in-kind for services rendered." These include: the value of free stamps received by a participant in the Food Stamp Program (subsection (a)(5)), loans, grants, scholarships, obtained and used for tuition, books, and fees, (subsection (a)(8)), and the value of supplemental food assistance received under the Child Nutrition Act of 1966, and the special food services program for children under the National School Lunch Act, (subsection (a)(12)). Thus certain types of benefits are labeled as "income" under Section 183.63(a), albeit exempt, although the Section 183.22 income definition, given its broadest conceivable meaning, would fail to include some of the benefits as income.

[5] Although Section 432.12(b) indicates that income will include benefits in cash or in kind as defined by DPW in accordance with

mindful of the broad Section 432.12(b) definition, we reject the recipient's interpretation that income, for general assistance purposes, is limited to money received by a client only in direct physical form.

The recipient also contends that the phrase "other than rental value of living accommodations" in Section 432.12(b) modifies "benefits in cash" *and* "in kind." If this interpretation is correct, then the monthly rental payments would be excluded from income. An examination of Section 432.12(b), however, indicates that the use of "or" creates a disjunctive relationship between "benefits in cash" and "in kind," and that the phrase "rental value of living accommodations" modifies only in-kind benefits.

Income-in-kind is narrowly defined in Section 183.22, as:

> Shelter provided to a client in return for services rendered. The value of such income-in-kind will be the amount of the actual monthly rent which the client would have been charged if he had not rendered service. This value shall not exceed 33% of the family size allowance of the assistance unit.

Clearly, income-in-kind would normally encompass much more than merely shelter provided to a client in return for services rendered. Here, however, the term

Federal law and regulations, the Federal Social Security Act, 42 U.S.C. §301 *et seq.* (1970), or the regulations issued thereunder, 45 C.F.R. §201 *et seq.* (1972), do not offer guidelines for income definitions for general assistance programs. Furthermore, we are unpersuaded by the dictim in *Randall v. Goldmark*, 495 F.2d 356 (1st Cir. 1974), that partial mortgage payments made by a husband separated from his wife on a house owned by both as tenants by entirety did not constitute income under the Social Security Act, Section 402(a)(7), 42 U.S.C. §602(a)(7), and its corresponding regulation, 45 C.F.R. §233.20(a)(3)(ii)(c). That section involves aid to families with dependent children (AFDC) and is written very differently than the Pennsylvania provisions discussed herein.

income-in-kind is narrowly defined to describe the one exception to the rule stated in Section 432.12(b) that benefits in cash or in kind are to be considered income for general assistance determinations.[6]

Therefore, we conclude that these payments are nonearned income as defined in Section 183.22, and hold that the DPW has properly classified the monthly rental payments by the ex-husband to the recipient's landlord as income.

### ORDER

Now, November 23, 1982, the decision of the Department of Public Welfare, Case No. L 577, 222-D, dated January 28, 1981 is hereby affirmed.

---

[6] Arguably, they are support payments, although the definition encompasses all income for which a recipient has not rendered a service.